# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        v.                                 Case No. 06-CR-129

**ALLEN D. GRANT,**

        **Defendant.**

## RECOMMENDATION TO THE HONORABLE CHARLES N. CLEVERT, JR. ON THE DEFENDANT'S PRETRIAL MOTIONS AND ORDER

On June 6, 2006, the grand jury returned a single count indictment against the defendant, Allen D. Grant ("Grant") alleging that Grant is an Armed Career Criminal and possessed a firearm in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1). The indictment also alleges that the defendant was convicted of two counts of armed robbery in 1979, one count of burglary in 1979, two counts of armed robbery in 1986, and possession with intent to deliver THC in 2002. \

At his arraignment on June 16, 2006, Grant, proceeding pro se, filed a motion. The court stated it would hold the motion in abeyance until appointed counsel was able to review the motion. Also on June 16, 2006, this court ordered all pretrial motions to be filed by July 6, 2006. A final pretrial conference is scheduled for **August 31, 2006** and a jury trial is scheduled to commence on **September 11, 2006** before the Honorable Charles N. Clevert, Jr. On June 26, 2006, counsel was appointed for Grant. This court has received no communication from counsel as to how he wished

to proceed regarding Grant's pro se motion. However, on July 17, 2006, the government responded. On July 25, 2006, Grant filed an additional motion.

Grant alleges that the indictment was in violation of the Speedy Trial Act. 18 U.S.C. § 3161(b). The defendant's argument is without merit since his federal prosecution began with the return of an indictment. Although the defendant was charged in a criminal complaint in state court, the state complaint is entirely separate from this federal prosecution and has no bearing on the time limits set forth in the Speedy Trial Act.

Next, Grant requests grand jury transcripts. Pursuant to Criminal Local Rule 16.1(d), transcripts of all witnesses the government intends to call at trial shall be made available to the defendant no later than one business day before the commencement of the trial.

Finally, Grant argues that the evidence is insufficient to support a conviction against him. Specifically, Grant argues that proximity and accessibility of the firearm are insufficient to support a conviction. These are issues for a jury and are not appropriately considered in a challenge to the indictment. If the evidence at trial is insufficient to meet the United States' burden, the defendant may move for a judgment of acquittal under Federal Rule of Criminal Procedure 29.

Grant filed a second motion, again proceeding pro se, despite the fact that counsel has been appointed for Grant. In this motion, Grant argues that the indictment should be dismissed because the preliminary hearing in state court was improperly conducted and that the police lacked a legal basis to contact Grant. This motion was filed on July 25, 2006, nineteen days after the deadline for filing pre-trial motions. The defendant's failure to present this motion within the deadline set by the court constitutes a waiver. Fed. R. Crim. P. 12(e). The defendant has not demonstrated good cause as to why the court should grant relief from the waiver. Therefore, this court recommends that this motion be rejected as untimely.

**IT IS THEREFORE RECOMMENDED** that the defendant's first motions to dismiss be **denied**.

**IT IS FURTHER RECOMMENDED** that the defendant's second motions be **denied** as untimely.

**IT IS FURTHER ORDERED** that the defendant's motion for grand jury transcripts is **denied as moot**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A)-(C), Federal Rule of Criminal Procedure 59 (a)-(b), and General Local Rule 72.3 (E.D. Wis.); whereby written objections to any order or recommendation herein or part thereof may be filed within ten days of the date of service of this recommendation and order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to object in accordance with the rules cited herein waives your right to review.

Dated at Milwaukee, Wisconsin, this <u>3rd</u> day of August, 2006.

s/AARON E. GOODSTEIN<br>United States Magistrate Judge